[Cite as *Hadden Co., L.P.A. v. Zweier*, 2016-Ohio-2733.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Hadden Co., L.P.A., | : | |
| Plaintiff-Appellee, | : | No. 15AP-210 |
| | | (C.P.C. No. 12CV-11055) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Jay L. Zweier, M.D., | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on April 28, 2016

**On brief:** *Gregory W. Happ*; *Hadden Co., L.P.A.*, and *E. Bruce Hadden*, for appellee. **Argued:** *Gregory W. Happ* and *E. Bruce Hadden*

**On brief:** *Mansell Law, LLC*, *Gregory R. Mansell*, and *Carrie J. Dyer*, for appellant. **Argued:** *Gregory R. Mansell*

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Defendant-appellant, Jay L. Zweier, M.D., appeals from a judgment of the Franklin County Court of Common Pleas awarding $49,000 in attorney fees as damages to plaintiff-appellee, Hadden Co., L.P.A. ("Hadden"). For the following reasons, we affirm.

## I. Facts and Procedural History

{¶ 2} This case arises from an attorney fees dispute between Zweier and Hadden. In August 2012, Hadden sued Zweier for unpaid legal fees. In April 2013, and after the pleadings were closed, Zweier moved for judgment on the pleadings pursuant to Civ.R. 12(C). In July 2013, Hadden moved for summary judgment pursuant to Civ.R. 56.

In August 2013, Zweier filed a motion for additional time to respond to Hadden's motion for summary judgment pursuant to Civ.R. 56(F).

{¶ 3}   On September 18, 2013, the trial court denied Zweier's motion for judgment on the pleadings upon finding that Hadden sufficiently alleged the requisite elements of its claims against Zweier.  Soon thereafter, Zweier's counsel withdrew his representation in the matter.  The trial court referred Zweier's Civ.R. 56(F) motion to a magistrate, who held a hearing regarding the motion on October 28, 2013.  Despite receiving notice of the hearing, Zweier did not appear or contact the court to explain his absence.  In November 2013, the magistrate denied Zweier's Civ.R. 56(F) motion based on his finding that Zweier failed to demonstrate good cause in support of the motion.  The magistrate resolved that the "plight in which [Zweier] finds himself appears to be of his own making."  (Nov. 4, 2013 Magistrate's Decision, 2.)  Zweier did not file any objections to the magistrate's decision denying his Civ.R. 56(F) motion.

{¶ 4}   In December 2013, the trial court filed a decision granting Hadden's motion for summary judgment as to the issue of Zweier's liability to Hadden.  The trial court agreed with the magistrate's denial of Zweier's Civ.R. 56(F) motion, and noted that "by virtue of the Magistrate's Decision, [Hadden's] motion for summary judgment is effectively unopposed."  (Decision and Entry, 2.)  As to the merits of Hadden's motion for summary judgment, the trial court found that Hadden met its burden under Civ.R. 56 by submitting evidence that a contractual relationship existed between Hadden and Zweier, Zweier breached the contract, and that the breach damaged Hadden.  Therefore, the trial court granted Hadden's motion for summary judgment as to the issue of Zweier's liability for non-payment of attorney fees owed to Hadden.  The trial court returned the matter to the magistrate for a damages hearing on the reasonableness of the requested attorney fees.  On January 30 and May 21, 2014, the magistrate presided over the damages hearing.  The following evidence was adduced at that hearing.

{¶ 5}   Mark Granger, Esq., the president of Granger Co., LPA ("Granger"), testified as follows.  In July 2008, Zweier retained Granger to represent him, at the negotiated reduced rate of $160 per hour, in connection with Zweier's dispute with The Ohio State University Medical Center ("OSUMC").  Granger's engagement letter estimated $50,000 to $75,000 in total fees for its representation of Zweier in the dispute.  Granger sued

OSUMC on Zweier's behalf in the Court of Claims of Ohio, alleging breach of contract, unjust enrichment, and age discrimination. After filing suit, Granger suggested that Zweier also hire Hadden to help Granger litigate the case. Zweier agreed. Hadden and Zweier agreed that Hadden would also charge $160 per hour for legal services in the matter. Initially, Hadden and Granger's services were both included on one invoice sent by Granger to Zweier. Then, Granger began sending two separate invoices to Zweier—one for Granger's services and one for Hadden's services.

{¶ 6} Early in Hadden's representation of Zweier, Zweier indicated he wanted to use a credit card to pay Granger and Hadden's legal bills in the OSUMC dispute. Because Hadden was unable to accept credit card payments, Zweier asked Granger to process his payments to Hadden. Zweier would make a credit card payment to Granger and direct Granger to allocate a certain amount to Hadden. To accommodate Zweier, Granger followed Zweier's payment instructions and disbursed funds to Hadden by check.

{¶ 7} Because Granger believed OSUMC retaliated against Zweier for filing his initial complaint, Granger filed a separate lawsuit on Zweier's behalf alleging retaliation. Zweier's breach of contract and unjust enrichment claims were dismissed at the summary judgment stage, but his age discrimination claim survived OSUMC's summary judgment motion. Zweier moved to consolidate the two cases, but the Court of Claims denied that request. Consequently, the decision was made to voluntarily dismiss both cases with the plan to refile the claims in one action. The cases were dismissed, but they were never refiled.

{¶ 8} During the course of Zweier's litigation against OSUMC, he frequently contacted Granger and Hadden to discuss the cases. Zweier never complained about Hadden's legal services, but he did express dissatisfaction with the timeliness of Hadden's billing. In Granger's opinion, Hadden's services as co-counsel on the matters were necessary and beneficial to the prosecution of Zweier's cases against OSUMC, and the hours Hadden spent on Zweier's cases were reasonable and necessary.

{¶ 9} E. Bruce Hadden, Esq., the principal and sole shareholder of Hadden, testified as follows. Hadden first become involved as co-counsel in Zweier's dispute with OSUMC in October 2009. Hadden performed a variety of legal services in connection with Zweier's litigation. Zweier never complained about Hadden's efforts relating to the

litigation. Hadden's hours spent on the litigation were reasonable and necessary. Because Hadden and Granger had nearby office spaces, and because Zweier was concerned about the security of his email, Hadden provided invoices to Granger, who in turn provided them to Zweier. Hadden's records indicated that it billed Zweier $66,648.00, and it received $16,010.79 from Zweier via Granger, leaving a balance of $50,637.21. Hadden terminated the attorney-client relationship with Zweier in March 2012.

{¶ 10} Zweier testified as follows. Zweier agreed to Hadden's involvement in his litigation with OSUMC, but he wanted that involvement to be limited due to financial concerns. Two or three of Granger's invoices included line items for Hadden's services and Zweier never received a bill from Hadden on Hadden's letterhead. Zweier believed that the bills Granger sent to him covered all attorneys involved in his litigation. Zweier paid approximately $166,000 to Granger, which he understood to include payment for all of Hadden's services. Over $23,000 of the $166,000 "was supposed to go to [Hadden]." (Tr. Vol. I, 237.) Zweier made a payment of $7,136 to Hadden that is not reflected in Hadden's records. Zweier admittedly did not know, however, how much money Granger actually forwarded to Hadden. The litigation against OSUMC did not result in any positive outcome because Zweier lost on the contract claim, and the remaining claims were dismissed but never refiled.

{¶ 11} In October 2014, the magistrate filed his decision on the attorney fees issue. The magistrate described this case as a "jumbled mess" caused in part by Hadden not diligently apprising Zweier of the extent of his work. (Oct. 9, 2014 Magistrate's Decision, 2.) Despite the absence of a "single, coherent, contemporaneous and comprehensive statement of an ongoing account [Zweier] had with [Hadden]," the magistrate determined that the "most reliable evidence" supported a conclusion that Hadden's reasonable attorney fees totaled $65,000, and that Zweier was entitled to a credit of $16,000, resulting in $49,000 of damages. (Oct. 9, 2014 Magistrate's Decision, 5.)

{¶ 12} Zweier submitted two objections to the magistrate's decision. First, Zweier argued the "award of Sixty-Five Thousand Dollars ($65,000.00) in attorney's fees to [Hadden] is unjust, contrary to law, inappropriate and against the manifest weight of the evidence." (Oct. 22, 2014 Objections to the Magistrate's Decision, 2.) Second, Zweier

argued the "finding that [Zweier] is entitled to an offset/credit of only $16,000 is unjust, contrary to law, inappropriate and against the manifest weight of the evidence." (Oct. 22, 2014 Objections to the Magistrate's Decision, 2.) In support of his objections, Zweier argued he had paid Hadden $23,146.79, and that requiring him to pay any more for Hadden's legal services would be unreasonable. Zweier argued that factors pertinent to determining the reasonableness of attorney fees—such as novelty of the issues, customary fees for comparable legal services, results obtained, and counsel's knowledge and experience—favored an award in the amount he already had paid. Hadden also objected to the magistrate's decision, arguing that he was entitled to damages in the amount of $50,637.21, not $49,000.00 as the magistrate determined. In February 2015, the trial court denied both parties' objections and adopted the magistrate's decision on attorney fees.

{¶ 13} Zweier timely appeals.

## II. Assignment of Error

{¶ 14} Zweier assigns the following error for our review:

> The trial court erred in its decision and entry adopting the Magistrate's decision on damages.

## III. Discussion

### A. Motion to Strike Arguments in Reply Brief

{¶ 15} Before addressing the merits of Zweier's sole assignment of error, we address a pending motion. Hadden moves to strike certain arguments Zweier presents for the first time in his reply brief. Pursuant to App.R. 16(C), an appellant may file a brief "in reply to the brief of the appellee." The purpose of a reply brief is to afford the appellant an opportunity to respond to the appellee's brief, not to raise an issue for the first time. *State v. Mitchell*, 10th Dist. No. 10AP-756, 2011-Ohio-3818, ¶ 47. Therefore, we generally will not address an argument raised for the first time in a reply brief. *State v. Shedwick*, 10th Dist. No. 11AP-709, 2012-Ohio-2270, ¶ 50. Insofar as Zweier's reply brief presents new arguments, those arguments will be disregarded. Because it is unnecessary to formally strike arguments improperly presented in briefing, we deny Hadden's motion to strike.

## B. Damages Award

{¶ 16} Zweier's sole assignment of error asserts the trial court erred in adopting the magistrate's decision on damages. In support of his assignment of error, Zweier presents the following arguments: Hadden is not entitled to recover any fees because (1) the attorney fees arrangement violated the Ohio Code of Professional Conduct; (2) the trial court should have significantly reduced the attorney fees it awarded due to the results Zweier obtained, Hadden's impermissible block billing, vague time entries, and duplication of efforts; and (3) the trial court miscalculated the attorney fees payments Zweier made to Hadden. We address these arguments in turn.

### 1. Alleged Violation of the Ohio Code of Professional Conduct

{¶ 17} According to Zweier, Hadden and Granger entered into a fee-splitting arrangement without complying with the requirements of Prof.Cond.R. 1.5(e). Zweier asserts that this noncompliance absolved him of any liability to Hadden. Zweier also argues that, even if the arrangement complied with Prof.Cond.R. 1.5(e), Zweier and Granger fully settled the dispute concerning fees owed under the fee-splitting arrangement, including any dispute relating to fees owed to Hadden. Alternatively, Zweier contends that, even if he remained liable under the fee-splitting arrangement, Granger should have disbursed funds it received from Zweier in proportion to the work Hadden performed, leaving only approximately $15,000 remaining due to Hadden.

{¶ 18} Zweier's arguments concerning his liability to Hadden and Granger's disbursement of funds are not properly before this court. Pursuant to App.R. 12(A)(1)(b), an appellate court must " 'determine [an] appeal on its merits on the assignments of error set forth in the briefs under App.R. 16.' Thus, this court rules on assignments of error only, and will not address mere arguments." *Ellinger v. Ho*, 10th Dist. No. 08AP-1079, 2010-Ohio-553, ¶ 70, citing *In re Estate of Taris*, 10th Dist. No. 04AP-1264, 2005-Ohio-1516, ¶ 5. Accordingly, this court addresses an assignment of error as written and disregards any superfluous arguments not raised by the actual assignment of error under review. *Bonn v. Bonn*, 10th Dist. No. 12AP-1047, 2013-Ohio-2313, ¶ 9. Zweier's sole assignment of error alleges the trial court erred in adopting the magistrate's decision on damages. The trial court previously ruled on the issue of liability and Zweier has not appealed from that decision. Moreover, insofar as Zweier argues that Granger should

have disbursed funds it received from Zweier in proportion to the work Hadden performed, this argument is also not properly before this court because Zweier did not present this argument in his objections to the magistrate's decision on damages. *See* Civ.R. 53(D)(3)(b)(iv) (argument is waived on appeal if party failed to specifically raise the issue in objections to magistrate's decision).

### 2. Reasonableness of Attorney Fees Award

{¶ 19} Zweier argues that the attorney fees awarded must be reduced because the trial court abused its discretion in determining that Hadden's attorney fees were reasonable. We disagree.

{¶ 20} Before recovering unpaid fees incurred under an hourly fee arrangement, an attorney must establish the fairness and reasonableness of the fees. *Adams, Babner & Gitlitz, LLC v. Tartan Dev. Co. (W.), LLC*, 10th Dist. No. 12AP-729, 2013-Ohio-1573, ¶ 18. Prof.Cond.R. 1.5 provides that the factors to be considered in determining the reasonableness of a fee include: (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly; (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent.

{¶ 21} A trial court's determination as to the reasonableness of attorney fees is reviewed for abuse of discretion. *Columbus Truck & Equip. Co. v. L.O.G. Transp., Inc.*, 10th Dist. No. 12AP-223, 2013-Ohio-2738, ¶ 21. An abuse of discretion exists when the trial court's decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). There is no abuse of discretion where there is some competent, credible evidence supporting the trial court's decision. *Ross v. Ross*, 64 Ohio St.2d 203, 208 (1980).

{¶ 22} Zweier challenges the reasonableness of the attorney fees Hadden charged him primarily on the basis of the time required and results obtained factors set forth in

Prof.Cond.R. 1.5. Zweier claims he received nothing in return for his lawyer's services, relying heavily on the fact that he did not prevail in his litigation with OSUMC. He also asserts Hadden spent too much time communicating with Granger and reviewing Granger's work. He also contends that Hadden's billing was not sufficiently detailed to enable the court to determine the amount of time Hadden spent on particular tasks. These arguments are unpersuasive.

{¶ 23} We find there was evidentiary support for the trial court's decision as to the reasonableness of the attorney fees Hadden charged. Hadden and Granger litigated Zweier's dispute against OSUMC for multiple years. Hadden and Granger testified that Hadden's fees were reasonable and necessary considering the nature of the dispute and other relevant factors. They both explained the fact-intensive nature of Zweier's dispute with OSUMC and Zweier's needs as a client. Due to their efforts, Zweier's age discrimination claim survived summary judgment and his retaliation claim remained pending prior to the voluntary dismissal of the cases.

{¶ 24} While Zweier places blame on his lawyers for not timely refiling his claims, the record indicates otherwise. The record contains evidence indicating that the attorney-client relationships ended by March 2012. Granger advised Zweier that, although the attorney-client relationships had terminated, Granger and Hadden were willing to proceed forward on a contingency-fee basis if Zweier agreed to retain Granger and Hadden again. Granger also advised Zweier that the cases had to be refiled by October 11, 2012. Thus, the evidence belies Zweier's suggestion that Hadden's conduct resulted in the case being barred by a statute of limitations. Furthermore, we are unpersuaded by Zweier's contention that the trial court was required to reduce the attorney fees allowed on the basis of Hadden's billing practices. While Hadden's bills could have been more detailed, Zweier did not introduce any expert testimony to rebut Hadden and Granger's testimony that the time Hadden spent on Zweier's cases was necessary and reasonable. Thus, we find that the trial court did not abuse its discretion in not reducing the fees allowed based on the contents of Hadden's invoices.

{¶ 25} Because Hadden presented evidence supporting the reasonableness of the attorney fees Hadden charged, we are unpersuaded by Zweier's argument that the attorney fees award must be reduced.

### 3. Amount of Credit Offsetting Attorney Fees Award

{¶ 26} Zweier argues the trial court erroneously found he had only paid $16,000 towards the $65,000 he owed Hadden. Zweier asserts that Hadden and Granger's billing and payment summary spreadsheets do not account for Zweier's additional payment of $7,136. In effect, Zweier argues the trial court's determination as to the amount Zweier already paid to Hadden was against the manifest weight of the evidence.

{¶ 27} Civil "[j]udgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279 (1978), syllabus. "[A]n appellate court should not substitute its judgment for that of the trial court when there exists * * * competent and credible evidence supporting the findings of fact and conclusions of law rendered by the trial judge." *Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80 (1984). When considering whether a civil judgment is against the manifest weight of the evidence, an appellate court is guided by a presumption that the findings of the trier of fact were correct. *Id.* at 79-80. "The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." *Id.* at 80.

{¶ 28} Here, Hadden presented evidence that Zweier paid Hadden $16,010.79. Both the Granger and Hadden firms prepared billing and payment summary spreadsheets indicating that Granger disbursed $16,010.79 of Zweier's payments to Hadden. Hadden testified to the accuracy of that amount. In contrast, despite acknowledging that he did not personally know how much of his money Granger forwarded to Hadden, Zweier testified that he paid Hadden an additional $7,136.00 that is not reflected in the $16,010.79 total. According to Zweier, the total payment of $16,010.79 shown on Granger's and Hadden's spreadsheets cannot be reconciled with Granger's invoices. The April 22, 2010 Granger invoice contains a charge of $7,136.00 for Hadden's legal fees, and a total balance due of $15,837.72. The September 29, 2010 Granger invoice shows a balance due of only $767.21. Thus, it appears that before September 29, 2010, Zweier paid at least a significant portion of the $7,136.00 that was billed on the April 22, 2010

Granger invoice. However, Granger's and Hadden's spreadsheets indicate that from April until September 2010, Granger made only one payment in the amount of $2,000.00 to Hadden.

{¶ 29} The basis for the above described incongruity between two of Granger's invoices and the billing and payment summary spreadsheets is not readily apparent from the record. Zweier suggests that the invoices conclusively demonstrate that Granger's and Hadden's billing and payment summary spreadsheets do not account for $7,136 that he paid to Hadden. We disagree. The apparent inconsistency between the invoices and the spreadsheets simply presented a disputed issue of fact as to the amount Zweier paid to Hadden. Because competent, credible evidence supported the trial court's finding as to this fact, we will not disturb it.[1]

{¶ 30} For the foregoing reasons, we overrule Zweier's sole assignment of error.

## IV. Disposition

{¶ 31} Having overruled Zweier's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BROWN and KLATT, JJ., concur.

---

[1] The magistrate did not explain why it credited Zweier with $16,000.00 and not $16,010.76. In a footnote to his memorandum in support of his objections to the magistrate's decision, Zweier noted this difference and asserted he is entitled to at least the $16,010.76 as a credit. The trial court did not address this issue, and Zweier does not raise this issue on appeal.