[Cite as *Atlantica, L.L.C. v. Salahuddin*, 2024-Ohio-5780.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Atlantica, LLC, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 23AP-35 |
| v. | : | (C.P.C. No. 17CV-11307) |
| Ameena C. Salahuddin, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on December 10, 2024

**On brief:** *Clunk, Hoose Co., LPA*, *Laura C. Infante*, and *Ashley E. Mueller*, for appellee. **Argued:** *Laura C. Infante.*

**On brief:** *Ameena C. Salahuddin*, pro se. **Argued:** *Ameena C. Salahuddin.*

APPEAL from the Franklin County Court of Common Pleas

BOGGS, J.

{¶ 1} Defendant-appellant, Ameena C. Salahuddin, appeals the judgment of the Franklin County Court of Common Pleas in favor of plaintiff-appellee, Atlantica, LLC ("Atlantica"), following a bench trial on remand from this court. Also before the court is Salahuddin's motion to deny or quash writ of possession, filed December 8, 2024. For the following reasons, we affirm the trial court's judgment and deny Salahuddin's motion.

## I. FACTS AND PROCEDURAL BACKGROUND

{¶ 2} Wilmington Savings Bank Fund Society, FSB, d.b.a. Christiana Trust as Owner Trustee of The Residential Credit Opportunities Trust III ("Wilmington"), filed this foreclosure action against Salahuddin and other defendants who are not parties to this appeal, seeking money damages, foreclosure, and other equitable relief in December 2017. It alleged that, in 2008, Salahuddin purchased a home located at 6147 Olde Orchard Drive, Columbus, Ohio, 43213, with a loan she obtained from The American Eagle Mortgage

Corporation.  Salahuddin's loan was memorialized in a promissory note ("the Note") that she signed on or about October 16, 2008, and the loan was insured through the Federal Housing Administration ("FHA").  In the Note, Salahuddin promised to pay The American Eagle Mortgage Corporation or its transferee the principal amount of $132,863.00, plus interest at the rate of 6.25 percent per annum.  As part of the same loan transaction, Salahuddin executed a mortgage deed ("the Mortgage") for the property, as security for the Note.  Wilmington attached to its complaint copies of the Note and the Mortgage, both of which had been assigned to other entities, including Wilmington. Wilmington alleged that Salahuddin had defaulted in payment on the Note and that it had exercised its option under the Note to accelerate the debt and to declare the entire debt immediately due and payable. Wilmington demanded payment of the full outstanding principal balance of $124,902.53, with interest at the rate of 6.25 percent per annum from November 1, 2012.  It also sought to foreclose on the mortgage.

{¶ 3}    Salahuddin filed an answer to Wilmington's complaint and a counterclaim in February 2018.  In her counterclaim, Salahuddin asserted a claim against Wilmington for violations of 27 U.S.C. 2605, part of the Real Estate Settlement Procedures Act ("RESPA"). Wilmington filed a reply to Salahuddin's counterclaim, in which it denied Salahuddin's allegations.

{¶ 4}    In September 2018, Wilmington filed a motion for summary judgment on its claims and on Salahuddin's counterclaim.  Salahuddin responded with a memorandum in opposition to Wilmington's motion and her own motion for summary judgment. In pertinent part, Salahuddin argued that Wilmington or its predecessors in interest had failed to perform the loss-mitigation servicing measures required by FHA regulations prior to filing for foreclosure.  She also argued that Wilmington had violated provisions of the RESPA and the Truth in Lending Act, 15 U.S.C. 1601, et seq.

{¶ 5}    On March 6, 2019, the trial court issued a judgment entry and decree of foreclosure.  It held that all necessary parties had been served and that all defendants other than Salahuddin and the Franklin County Treasurer were in default and were forever barred from asserting any right, title, or interest in and to the subject property.  The trial court granted Wilmington's motion for summary judgment, denied Salahuddin's motion for summary judgment, and dismissed Salahuddin's counterclaim with prejudice.

**{¶ 6}** Salahuddin appealed the trial court's March 2019 judgment, and the trial court stayed execution of its judgment pending resolution of Salahuddin's appeal. In her first assignment of error, Salahuddin argued that the trial court erred by granting Wilmington's motion for summary judgment because there remained genuine issues of material fact as to whether Wilmington met all conditions precedent prior to initiating its foreclosure action. *Wilmington Sav. Fund Soc., FSB v. Salahuddin*, 10th Dist. No. 19AP-190, 2020-Ohio-6934, ¶ 24 ("*Salahuddin I*"). In particular, Salahuddin argued that Wilmington did not demonstrate its compliance with the conditions precedent to foreclosure set out in 24 C.F.R. 203.602 and 203.604, regulations that apply to federally insured mortgages for single-family homes. *Id.* at ¶ 25.

**{¶ 7}** We sustained Salahuddin's first assignment of error in part, as it related to 24 C.F.R. 203.602, which requires a mortgagee to give notice of delinquency to each mortgagor in default "on a form supplied by the Secretary [of Housing and Urban Development] or, if the mortgagee wishes to use its own form, on a form approved by the Secretary." 24 C.F.R. 203.602. We held that Wilmington had not provided the trial court with evidence "to settle as a matter of law whether it or any of its predecessors in interest provided written notification of delinquency to Salahuddin in the manner required by 24 C.F.R. 203.602." *Salahuddin I* at ¶ 31. Accordingly, we remanded the matter to the trial court "for further proceedings consistent with [our] decision regarding Wilmington's satisfaction of the requirements in 24 C.F.R. 203.602." *Id.* at ¶ 56. In all other respects, we affirmed the trial court's judgment.

**{¶ 8}** On remand, the trial court granted a motion to substitute Atlantica—appellee here—for Wilmington as the plaintiff, because the Note and Mortgage had been assigned to Atlantica. Atlantica thereafter filed a motion in limine, asking the trial court to limit the trial on remand to the issue of compliance with 24 C.F.R. 203.602. The trial court granted Atlantica's motion in limine and denied a motion for reconsideration filed by Salahuddin.

**{¶ 9}** The trial court referred the matter to a magistrate for a bench trial, which was held on October 27, 2022. Atlantica presented trial testimony from records custodians for JP Morgan Chase Bank ("Chase") and Land Home Financial Services, both of which serviced Salahuddin's loan at pertinent times, and submitted numerous exhibits that were admitted into evidence. Salahuddin testified on her own behalf and called the Chase record

custodian.  Both parties filed post-trial briefs with proposed findings of fact and conclusions of law.

{¶ 10} On December 15, 2022, the magistrate issued a decision in which she concluded that Atlantica established by sufficient, credible evidence that Chase provided written notification of delinquency to Salahuddin in compliance with 24 C.F.R. 203.602 by a letter dated December 11, 2012.  The magistrate therefore recommended that Atlantica was entitled to a judgment entry and foreclosure decree in its favor.  The magistrate's decision included the following notification:

> A PARTY SHALL NOT ASSIGN AS ERROR ON APPEAL THE TRIAL COURT'S ADOPTION OF ANY FACTUAL FINDING OR LEGAL CONCLUSION, WHETHER OR NOT SPECIFICALLY DESIGNATED AS A FINDING OF FACT OR CONCLUSION OF LAW UNDER CIV.R. 53(D)(3)(a)(ii), UNLESS THE PARTY TIMELY AND SPECIFICALLY OBJECTS TO THAT FACTUAL FINDING OR LEGAL CONCLUSION AS REQUIRED BY CIV.R. 53(D)(3)(b).

(Dec. 15, 2022 Mag.'s Decision at 6.)

{¶ 11} Salahuddin did not file objections to the magistrate's decision under Civ.R. 53(D)(3)(b), but on December 20, 2022, she filed a motion for a new trial, based on alleged "[m]isconduct" by Atlantica, "[i]nadequate damages given," and "[e]rrors of law occurring at trial."  (Dec. 20, 2022 Mot. for a New Trial at 1.)  As errors of law, she challenged the trial court's decision allowing Atlantica to submit a lengthy trial exhibit shortly before trial, alleged that the trial court allowed hearsay testimony by Atlantica's witnesses and improperly overruled Salahuddin's objections to that testimony, and claimed that Atlantica's trial exhibits included accounting errors.  *Id.*  Atlantica opposed Salahuddin's motion for a new trial, which the trial court denied on January 17, 2023.

{¶ 12} On January 12, 2023, the trial court adopted the magistrate's decision and again entered judgment on the Note and Mortgage, this time in favor of Atlantica.

{¶ 13} Salahuddin appeals the trial court's judgment and asserts five assignments of error.

> 1. THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT IN FAVOR OF APPELLEE, BECAUSE APPELLANT'S LAND IS PATENTED BY UNITED STATES LAND PATENT.

2. THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT IN FAVOR OF APPELLEE BECAUSE APPELLANT'S JURISDICTIONAL CHALLENGE WAS NEVER ADJUDICATED.

3. THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT IN FAVOR OF APPELLEE, BECAUSE APPELLANT WAS NOT LATE ON HER MORTGAGE AT THE COMMENCEMENT OF THE FORECLOSURE CASE.

4. THE TRIAL COURT ERRED WHEN IT GRANTED APPELLEE'S MOTION IN LIMINE WHEN APPELLEE FAILED TO MEET ALL CONDITIONS PRECEDENT PRIOR TO INITIATING FORECLOSURE.

5. THE TRIAL COURT ERRED WHEN IT GRANTED APPELLEE'S MOTION FOR SUMMARY JUDGMENT BECAUSE APPELLANT WAS STILL IN SETTLEMENT NEGOTIATIONS WITH APPELLEE WHEN THE PRETRIAL BEGAN.

(Appellant's Brief at ix-x.)

## II. ANALYSIS

{¶ 14} For ease of discussion, we address Salahuddin's assignments of error out of order, beginning with her fourth assignment of error, which concerns the scope of the proceedings before the trial court on remand from this court.

### A. Assignment of Error No. 4

{¶ 15} In her fourth assignment of error, Salahuddin contends that the trial court erred by granting Atlantica's motion in limine to limit the trial on remand to the issue of compliance with 24 C.F.R. 203.602. We review a trial court's decision granting or denying a motion in limine under an abuse of discretion standard. *Estate of Johnson v. Randall Smith, Inc.*, 135 Ohio St.3d 440, 2013-Ohio-1507, ¶ 22. Abuse of discretion connotes a decision that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 16} In *Salahuddin I*, this court remanded the matter to the trial court only "for further proceedings consistent with this decision *regarding * * * satisfaction of the requirements in 24 C.F.R. 203.602*." (Emphasis added.) *Salahuddin I*, 2020-Ohio-6934, at ¶ 56. "[A]bsent extraordinary circumstances, such as an intervening decision by [the

Supreme Court of Ohio], an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case." *Nolan v. Nolan*, 11 Ohio St.3d 1, 5 (1984). The trial court may not extend or vary that mandate. *Id.* at 4. "A trial court errs by conducting an evidentiary hearing on remand that exceeds the scope of an appellate court mandate." *Brown v. Allala*, 9th Dist. No. 27086, 2014-Ohio-4917, ¶ 7. By granting Atlantica's motion to limit the triable issue on remand to compliance with 24 C.F.R. 203.602, the trial court complied with this court's mandate, as it was required to do, and the trial court's decision to do so was not unreasonable, arbitrary, or unconscionable.

{¶ 17} Salahuddin also challenges under her fourth assignment of error the trial court's factual finding that the December 11, 2012 letter from Chase satisfied the requirements of 24 C.F.R. 203.602. In particular, she states there was no evidence that the letter had been approved by the Secretary of Housing and Urban Development, as required under the regulation. That factual question, however, is not properly before this court.

{¶ 18} Civ.R. 53(D)(3)(b)(iv) provides, "[e]xcept for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion * * * unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)." Salahuddin did not file objections to the magistrate's decision, and her motion for a new trial "[was] not a substitute for the filing of objection(s) pursuant to Civ.R. 53." *Hamilton v. Hamilton*, 10th Dist. No. 14AP-1061, 2016-Ohio-5900, ¶ 5. Because Salahuddin did not file an objection to the magistrate's findings of fact, including the magistrate's finding that "Chase provided written notification of the delinquency to [Salahuddin] in the manner required by 24 CFR 203.602," she is limited to claiming plain error on appeal. (Dec. 15, 2022 Mag.'s Decision at 5.) *See In re G.S.*, 10th Dist. No. 10AP-734, 2011-Ohio-2487, ¶ 6 ("It is well-settled that a party's failure to file objections to a magistrate's decision waives all but plain error."). An appellate court may find plain error in a civil proceeding "only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 122-23 (1997).

{¶ 19} An appellant bears the burden of affirmatively demonstrating error on appeal. *State v. Sims*, 10th Dist. No. 14AP-1025, 2016-Ohio-4763, ¶ 11, citing App.R.

16(A)(7) and *State v. Hubbard*, 10th Dist. No. 11AP-945, 2013-Ohio-2735, ¶ 34. Salahuddin does not argue the existence of plain error in her appellate brief, and she has therefore failed to meet that burden. *See Mangan v. Morocho & Garcia Constr. LLC*, 10th Dist. No. 23AP-397, 2024-Ohio-2241, ¶ 33, citing *Franklin Cty. Children Servs. v. Copley*, 10th Dist. No. 22AP-159, 2022-Ohio-3406, ¶ 11 (overruling assignment of factual error in magistrate's decision because appellant did not file objections and did not argue plain error on appeal), and *Davis v. Davis*, 10th Dist. No. 17AP-664, 2018-Ohio-3180, ¶ 11 (overruling assignments of error related to magistrate's decision because appellant did not allege or demonstrate plain error).

{¶ 20} For these reasons, we overrule Salahuddin's fourth assignment of error.

## B. Assignment of Error No. 3

{¶ 21} We now turn to Salahuddin's third assignment of error, in which she argues that the trial court erred by granting summary judgment in favor of Atlantica because she was not in default on her mortgage when the foreclosure case against her was commenced. In support of that argument, she states that Chase refused a mortgage payment from her on February 1, 2013, and that she was not in default prior to that time. (Appellant's Brief at 39-40.) We overrule this assignment of error because it is beyond the scope of the remand mandate and is precluded by the law-of-the-case doctrine.

{¶ 22} The law-of-the-case doctrine is a "rule of practice" that "provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." *Nolan v. Nolan*, 11 Ohio St.3d 1, 3 (1984). It is "necessary to ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts." *Id.* Thus, when a trial court is presented on remand with the same facts and issues that were involved in a prior appeal, the trial court "is bound to adhere to the appellate court's determination of the applicable law." *Id.*

{¶ 23} As stated in our discussion of Salahuddin's fourth assignment of error, this court remanded this case to the trial court for further proceedings only regarding satisfaction of 24 C.F.R. 203.602. In all other respects, we affirmed the trial court's entry of summary judgment against Salahuddin. Any question regarding whether Salahuddin was in default at the time foreclosure proceedings were commenced is beyond the scope of this court's mandate. Moreover, this court held in *Salahuddin I* that Salahuddin failed to

demonstrate a question of fact as to her default or the amount owed on the Note and Mortgage. Although Salahuddin did not raise the precise issue stated in her third assignment of error here in *Salahuddin I*, she did argue that the trial court erred in granting summary judgment against her because there remained "uncertainty as to the accounting of the amount owed." *Salahuddin I*, 2020-Ohio-6934, at ¶ 36. This court stated that Atlantica's predecessor in interest provided as evidence of default and the amount owing "the payment history listing the records of payments received on Salahuddin's account," and that the submitted documents "show[ed] a principal balance of $124,902.53 plus interest at the rate of 6.25 percent per annum from November 1, 2012." *Id*. at ¶ 47. We found that Salahuddin did not submit evidence to establish the claimed inaccuracy. Thus, this court decided the issues concerning Salahuddin's default and the amount owed in favor of Wilmington. Those decisions remain the law of the case. Accordingly, we overrule Salahuddin's third assignment of error.

### C. Assignment of Error No. 5

{¶ 24} In her fifth assignment of error, Salahuddin states that the trial court erred by granting summary judgment in favor of Atlantica because the parties remained engaged in settlement negotiations. Particularly, she claims that, when the trial court ordered the parties to submit pretrial statements, she was awaiting Atlantica's response to a settlement counteroffer she had submitted. Salahuddin, however, cites no legal authority holding that ongoing settlement negotiations render a decision on a ripe motion for summary judgment improper. Nor does she actually make that argument under her fifth assignment of error. Instead, she makes the unrelated argument that the trial court erred by overruling her objections to witness testimony that FHA/HUD-required documents were delivered by certified mail—an argument she raised in her motion for a new trial.[1]

{¶ 25} App.R. 16(A)(7) states that an appellate brief must contain "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." An appellate court must determine an appeal on the assignments of error set forth in the briefs under App.R. 16. *Hadden Co., L.P.A. v. Zweier*, 10th Dist. No. 15AP-210, 2016-Ohio-2733, ¶ 18. " '[T]his

---

[1] Salahuddin's notice of appeal refers only to the trial court's January 12, 2023 judgment, and not to the trial court's subsequent entry denying her motion for a new trial. Therefore, the denial of Salahuddin's motion for a new trial is not before this court.

court rules on assignments of error only, and will not address mere arguments.' " *Id.*, quoting *Ellinger v. Ho*, 10th Dist. No. 08AP-1079, 2010-Ohio-553, ¶ 70. An appellate court properly disregards an assignment of error if the appellant fails to identify in the record the error on which the assignment is based, fails to cite legal authority in support of an argument, or fails to argue the assignment separately in appellant's brief. *See, e.g.*, *Thomas v. Columbus City Police Dept.*, 10th Dist. No. 17AP-279, 2017-Ohio-8550, ¶ 7; *In re J.Q.-P.*, 8th Dist. No. 112618, 2024-Ohio-661, ¶ 41. We therefore disregard Salahuddin's argument under her fifth assignment of error, which does not argue the stated assignment. But even were we to address Salahuddin's argument, we would have to reject it for the same reason we rejected Salahuddin's factual argument in her fourth assignment of error—because she did not file objections to the magistrate's decision under Civ.R. 53 and has not argued the existence of plain error in her appellate brief.

{¶ 26} For these reasons, we overrule Salahuddin's fifth assignment of error.

### D.  Assignment of Error Nos. 1 and 2

{¶ 27} Finally, we turn to Salahuddin's first and second assignments of error, which we address together. In her first assignment of error, Salahuddin contends that summary judgment in favor of Atlantica was improper because the subject premises is patented by United States land patent. She claims that it is therefore "impossible for the [property] to be considered as security for the alleged loan." (Appellant's Brief at 12.) In her second assignment of error, Salahuddin argues that the trial court erred by entering summary judgment in favor of Atlantica without first deciding her challenge to the trial court's jurisdiction, based on the same land-patent arguments she makes under her first assignment of error here. But Salahuddin did not raise those arguments until October 2023, ten months after the trial court's entry of summary judgment and after she filed her notice of appeal. Neither Salahuddin's October 2023 motion nor the trial court's decision on that motion are part of the appellate record before this court.

{¶ 28} Salahuddin did not raise the alleged existence of a land patent as an affirmative defense in her answer and counterclaim. If a party fails to raise an affirmative defense in a responsive pleading, then courts will deem that defense waived. *Olentangy Condo. Assn. v. Lusk*, 10th Dist. No. 09AP-568, 2010-Ohio-1023, ¶ 34, citing *Jim's Steak House, Inc. v. Cleveland*, 81 Ohio St.3d 18, 20 (1998). Although we have uncovered no Ohio appellate court decision that has addressed whether the claimed existence of a land

patent constitutes an affirmative defense to a claim of foreclosure, other courts have characterized the assertion of a land patent as such. *See United States v. Poland*, 251 U.S. 221, 227-28 (1920) (a claim that plaintiff was a bona fide purchaser of a land patent is an affirmative defense which must be set out and established); *Ponderosa Pines Ranch Prop. Owners Assn. v. Clapper*, 2008 MT 92N (2008), ¶ 9 (landowner's claim of a land patent to defeat action by homeowners' association was an affirmative defense that must be raised in the pleadings). An affirmative defense is an assertion by a defendant raising new "facts and arguments that, if true, will defeat the plaintiff's * * * claim, even if all allegations in the complaint are true." *Black's Law Dictionary* 509 (10th Ed.2014). This is precisely how Salahuddin proposes the existence of a land patent would operate in this case. We therefore agree with Atlantica that Salahuddin's assertion of a land patent is an affirmative defense that she was required to raise in her answer. Because she did not, she has waived the issue. We therefore overrule Salahuddin's first assignment of error.

{¶ 29} Under her second assignment of error, Salahuddin cites case law setting out legal principles that jurisdiction may be challenged at any time and that a judgment entered by a court lacking jurisdiction is void, but Salahuddin makes no substantive argument that the trial court lacked jurisdiction in this matter. To the extent she made such arguments in the trial court, she did so only after filing her notice of appeal, and the trial court's resolution of those arguments is beyond the scope of this appeal.

{¶ 30} Even had Salahuddin not waived her land patent argument, it would be unsuccessful. Salahuddin's unsupported assertion that her property was "forever quit claimed transferred from the United States federal government to the private sector with a United States Land Patent that reserved absolutely no rights, title, or interest to the State of Ohio or to any of its legislative, executive, or judicial departments," does not demonstrate that the trial court lacked jurisdiction over this foreclosure action. A land patent is simply an "instrument by which the government conveys a grant of public land to a private person." *Black's Law Dictionary* 1300 (10th Ed.2014). Once a land patent issues, "the incidents of ownership are, for the most part, matters of local property law to be vindicated in local courts." *Oneida Indian Nation v. County of Oneida*, 414 U.S. 661, 676-77 (1974). Numerous courts have rejected defendants' attempts to use a land patent as a defense to a foreclosure action. For example, in *Barbieri v. Aurora Loan Servs.*, N.D.Cal. C 10-4044 RS, 2011 U.S. Dist. LEXIS 165864, *5 (July 1, 2011) the court expressly held that a

landowner could not "asset a 'land patent' defense to avoid foreclosure." It stated, "Whatever his belief as to his interest in the subject property (he characterizes his title as 'allodial'), the fact remains that he willingly entered into a loan secured by a deed of trust on the property. He may not, after the fact, avoid his contractual obligations to pay his loan obligations on penalty of foreclosure by asserting fanciful claims of superior title." *Id.* at *6. *See also Bliss v. Quality Loan Serv. Corp.*, E.D.Cal. No. 2:23-cv-02614 DJC AP (PS), 2024 U.S. Dist. LEXIS 22512 (Feb. 7, 2024); *Wells Fargo Bank, N.A. v. Pieczynski*, Pa.Super. No. 1879 MDA 2015, 2016 Pa. Super. Unpub. LEXIS 2206, *5 (June 24, 2016) (" 'Appellant makes no intelligible connection between a land patent and a legitimate defense to mortgage foreclosure.' "); *Parkway Bank & Trust Co. v. Korzen*, 2013 IL App (1st) 130380 (2013) ("one cannot make a mortgage disappear by filing a land patent"); *Gallina v. Wyandotte Police Dept.*, E.D.Mich. No. 07-12640, 2008 U.S. Dist. LEXIS 122049, *4 (Aug. 29, 2008) ("[e]very court that has considered" a land patent argument contesting a foreclosure "has found it to be frivolous"); *Nixon v. Phillipoff*, 615 F.Supp. 890, 894 (N.D.Ind.1985) (characterizing as "frivolous" landowner's argument that state court lacked jurisdiction over a foreclosure action because a federal land patent was involved). We agree with these courts.

{¶ 31} Because she waived her arguments regarding land patents by not raising them as an affirmative defense and because she has not demonstrated that the existence of a land patent divested the trial court of jurisdiction, we overrule Salahuddin's first and second assignments of error.

### E.  Motion to Deny or Quash Writ of Possession

{¶ 32} During the pendency of this appeal, the subject property was sold at sheriff's sale to Bruno Carneiro, and the trial court entered a confirmation of sale. On December 2, 2024, Carneiro filed with the trial court a praecipe for a writ or order of possession. On December 8, 2024, Salahuddin filed in this court a motion to deny or quash the writ of possession that Carneiro has requested from the trial court.

{¶ 33} Salahuddin first argues that a writ of possession in this case would be premature because this appeal remains pending. However, because we affirm the trial court's judgment and conclude this appeal here, Salahuddin's first argument against the requested writ of possession is moot. While Salahuddin makes other conclusory arguments in her motion, her opposition to the praecipe for a writ of possession is appropriately filed

in the trial court, not in this appellate court, when the trial court has not issued the requested writ and the trial court's actions subsequent to Salahuddin's filing of a notice of appeal in this case are not before this court. We therefore deny Salahuddin's motion to deny or quash writ of possession.

## III. CONCLUSION

{¶ 34} Having overruled each of Salahuddin's assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas. We further deny Salahuddin's motion to deny or quash writ of possession.

*Judgment affirmed,*
*and motion denied.*

LUPER SCHUSTER and LELAND, JJ., concur.

———————————