[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Macklin*, Slip Opinion No. 2024-Ohio-2687.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2024-OHIO-2687

THE STATE OF OHIO, APPELLANT, *v.* MACKLIN, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Macklin*, Slip Opinion No. 2024-Ohio-2687.]**

*Court of appeals' judgment reversed on the authority of* State v. Williams *and* State v. Taylor *and cause remanded.*

(No. 2023-0539—Submitted February 7, 2024—Decided July 17, 2024.)

APPEAL from the Court of Appeals for Cuyahoga County,

No. 111117, 2022-Ohio-4400.

_____

The below judgment entry of the court was joined by FISCHER, DONNELLY, STEWART, and BRUNNER, JJ. KENNEDY, C.J., concurred in judgment only in part and dissented in part, with an opinion joined by DEWINE and DETERS, JJ.

{¶ 1} The judgment of the court of appeals is reversed on the authority of *State v. Williams*, 2024-Ohio-1433, and *State v. Taylor*, 2024-Ohio-1752. The cause is remanded to the court of appeals for that court to analyze appellee

Dimitrius Macklin's first assignment of error in accordance with this court's analysis in *State v. Burns*, 2022-Ohio-4606.

_____

**KENNEDY, C.J., joined by DEWINE and DETERS, JJ., concurring in judgment only in part and dissenting in part.**

{¶ 2} The question in this case is whether the Eighth District Court of Appeals correctly held that the General Division of the Cuyahoga County Court of Common Pleas lacked jurisdiction to convict appellee, Dimitrius Macklin, of conspiracy. I agree with the majority's conclusion that the Eighth District's judgment must be reversed, but I would not remand this matter for application of this court's analysis in *State v. Burns*, 2022-Ohio-4606. Instead, I would apply the plain language of the bindover statutes that were in effect at the time of the bindover in Macklin's case and hold that the trial court had jurisdiction to enter a judgment of conviction for conspiracy.

{¶ 3} Under a mandatory bindover, a juvenile who is alleged to have committed a qualifying offense and who meets certain age requirements is transferred from the jurisdiction of the juvenile court to the common pleas court ("adult court") for prosecution. And under the bindover statutes in effect prior to their amendment in 2022 Am.Sub.S.B. No. 288, once a case was bound over, the adult court had subject-matter jurisdiction to hear and determine the case and convict the juvenile of the offense that was the basis of the transfer of the case and to convict the juvenile of any other offense that was different from the offense charged in the complaint filed in juvenile court. *See* former R.C. 2151.23(H), 2019 Am.Sub.H.B. No. 166.

{¶ 4} But this court in *State v. Smith*, 2022-Ohio-274, and in *Burns*, grafted new limits onto the straightforward language of the bindover statutes that were enacted through 2019 Am.Sub.H.B. No. 166, which were also in effect when Macklin's case was transferred to adult court. In *Smith*, this court held that an adult

court lacked jurisdiction over charged offenses when the juvenile court found no probable cause to believe the juvenile had committed those offenses. *Smith* at ¶ 44. And in *Burns*, this court said that an adult court did have jurisdiction over charges that were not alleged in a juvenile complaint but only if the new charges in adult court were "rooted in the acts that were the subject of the juvenile complaint." *Burns* at ¶ 13.

{¶ 5} Neither of these limitations on an adult court's jurisdiction appear in the plain language of former R.C. 2151.23(H), 2019 Am.Sub.H.B. No. 166. That statute stated that when a case was transferred from a juvenile court to adult court for prosecution, the adult court had "jurisdiction . . . to enter a judgment of conviction . . . against the child for the commission of the offense that was the basis of the transfer of the case for criminal prosecution, whether the conviction [was] for the same degree or a lesser degree of the offense charged, for the commission of a lesser-included offense, *or for the commission of another offense that [was] different from the offense charged*." (Emphasis added.) An adult court was therefore not deprived of jurisdiction over a charge when the juvenile court had found no probable cause to believe that the child had committed the charged act. Nor was an adult court's jurisdiction limited to charges that were either transferred by the juvenile court or rooted in the acts alleged in the juvenile complaint. Because the holdings in *Smith* and *Burns* contradict the language enacted by the General Assembly in 2019 Am.Sub.H.B. No. 166, I would overrule those decisions today.

{¶ 6} Once Macklin's case was transferred from juvenile court to adult court, the adult court had jurisdiction to convict him of conspiracy even though that offense was not charged in the juvenile complaint. Consequently, the court of appeals erred in holding that the adult court lacked jurisdiction to convict Macklin of conspiracy.

{¶ 7} Therefore, I would reverse the judgment of the Eighth District and remand this case to that court with instructions that it affirm the judgment of the

adult court. For these reasons, I concur in judgment only in part and dissent in part from the court's decision today.

## I. Facts and Procedural History

{¶ 8} On August 3, 2017, 17-year-old Macklin shot and killed his victim during an armed robbery that he had planned with three accomplices. Macklin and his accomplices had lured the victim to the scene by offering on a social-media website to trade a vehicle.

{¶ 9} The state filed a complaint in juvenile court charging Macklin with one count each of aggravated murder, murder, felonious assault, and having weapons while under a disability and two counts of aggravated robbery. The juvenile court found probable cause to believe that Macklin had committed murder, aggravated robbery, and felonious assault, but it found no probable cause to believe that he had committed aggravated murder or had had a weapon while under a disability. It transferred the case to adult court for prosecution.

{¶ 10} A grand jury indicted Macklin on one count each of aggravated murder, murder, and felonious assault and two counts of aggravated robbery. It also charged him with one count of conspiracy, an offense that was not alleged in the juvenile complaint. The jury acquitted Macklin of aggravated murder and one count of aggravated robbery but found him guilty of murder, conspiracy, felonious assault, and the remaining count of aggravated robbery. After merging allied offenses of similar import, the adult court imposed an aggregate sentence of 25 years to life in prison.

{¶ 11} The Eighth District affirmed the trial court's judgment in part, vacated it in part, and remanded for further proceedings. 2022-Ohio-4400, ¶ 74 (8th Dist.). Relevant here, applying this court's holding in *Smith*, 2022-Ohio-274, the court of appeals held that the adult court lacked jurisdiction to convict Macklin of conspiracy, because the juvenile court had not found probable cause to believe that Macklin committed that offense. 2022-Ohio-4400 at ¶ 43, 51-52 (8th Dist.).

4

The Eighth District's decision does not include remand instructions, but presumably, the court of appeals remanded the case to the adult court for resentencing without the conspiracy count.

## II. Jurisdiction of Juvenile and Adult Courts over Cases Involving Juveniles

{¶ 12} "Subject-matter jurisdiction refers to the constitutional or statutory power of a court to adjudicate a particular class or type of case." *State v. Harper*, 2020-Ohio-2913, ¶ 23. "'A court's subject-matter jurisdiction is determined without regard to the rights of the individual parties involved in a particular case.'" *Id.*, quoting *Bank of Am., N.A. v. Kuchta*, 2014-Ohio-4275, ¶ 19. "Rather, the focus is on whether the forum itself is competent to hear the controversy." *Id.* "'Once a tribunal has jurisdiction over both the subject matter of an action and the parties to it, ". . . the right to hear and determine is perfect; and the decision of every question thereafter arising is but the exercise of the jurisdiction thus conferred . . . .'"'" (Ellipses added in *Pizza*.) *Pratts v. Hurley*, 2004-Ohio-1980, ¶ 12, quoting *State ex rel. Pizza v. Rayford*, 62 Ohio St.3d 382, 384 (1992), quoting *Sheldon's Lessee v. Newton*, 3 Ohio St. 494, 499 (1854).

{¶ 13} Article IV, Section 4(B) of the Ohio Constitution provides that "[t]he courts of common pleas and divisions thereof shall have such original jurisdiction over all justiciable matters . . . as may be provided by law." We have recognized that the General Assembly has "exclusive authority . . . to allocate certain subject matters to the exclusive original jurisdiction of specified divisions of the courts of common pleas." *State v. Aalim*, 2017-Ohio-2956, ¶ 2.

{¶ 14} The General Assembly exercised that authority when it vested in the juvenile courts "exclusive original jurisdiction," R.C. 2151.23(A)(1), over cases in which minors are alleged to be delinquent for committing any act that would be a criminal offense if committed by an adult, *see In re M.P.*, 2010-Ohio-599, ¶ 11. However, the legislature created "'a narrow exception to the general rule that juvenile courts have exclusive subject matter jurisdiction over any case involving a

child.' " *Aalim* at ¶ 2, quoting *State v. Wilson*, 73 Ohio St.3d 40, 43 (1995). If a child is at least 14 but less than 18 years old at the time of the delinquent act and is alleged to have committed what would be an offense if committed by an adult, the case may, and sometimes must, be transferred to adult court for prosecution. *See* R.C. 2151.23(H), 2152.10, and 2152.12.

{¶ 15} Effective April 6, 2023, the General Assembly amended the statutes providing for discretionary and mandatory bindovers to adult court. *See* 2022 Am.Sub.S.B. No. 288. Those amendments do not impact the bindover in this case, which occurred more than two and a half years earlier, in September 2020.

{¶ 16} Relevant here, the applicable version of R.C. 2152.12(A)(1)(a)(i) provided as follows:

> After a complaint has been filed alleging that a child is a delinquent child for committing an act that would be aggravated murder, murder, attempted aggravated murder, or attempted murder if committed by an adult, the juvenile court at a hearing shall transfer *the case* if . . . [t]he child was sixteen or seventeen years of age at the time of the act charged and there is probable cause to believe that the child committed the act charged.

(Emphasis added.) 2016 Sub.H.B. No. 158.

{¶ 17} Former R.C. 2151.23(H), 2019 Am.Sub.H.B. No. 166, stated that except as provided in R.C. 2152.121, after a case was transferred to adult court for criminal prosecution, the juvenile court lacked subject-matter jurisdiction to hear or determine the case. Instead, under the former statute, "[t]he court to which the case [was] transferred for criminal prosecution . . . [had] jurisdiction subsequent to the transfer to hear and determine the case in the same manner as if the case originally had been commenced in that court." 2019 Am.Sub.H.B. No. 166.

6

Former R.C. 2151.23(H) also specified that the adult court had subject-matter jurisdiction to accept a plea or a verdict and to enter a judgment of conviction against the juvenile "for the commission of the offense that was the basis of the transfer of the case for criminal prosecution, whether the conviction [was] for the same degree or a lesser degree of the offense charged, for the commission of a lesser-included offense, or for the commission of another offense that [was] different from the offense charged." *Id.*

{¶ 18} So once a juvenile's case was transferred to adult court, the adult court was the proper forum for the case, and it therefore had subject-matter jurisdiction over that case, including over offenses that were not initially charged in the juvenile complaint. Any error in the adult court's adjudication of the case after the transfer involved an error in the exercise of jurisdiction over that particular case, not a defect in the court's subject-matter jurisdiction.

### III. *Smith* and *Burns*

{¶ 19} In *Smith*, 2022-Ohio-274, and *Burns*, 2022-Ohio-4606, we addressed the application of the bindover statutes that were in effect prior to the 2023 amendments. In *Smith*, this court stated that "a juvenile court [could] transfer a case or a matter to adult court, but the adult court's jurisdiction [was] limited to the acts charged for which probable cause was found." *Smith* at ¶ 29. This court held that "[i]n the absence of a juvenile court's finding probable cause . . . , no adult court [had] jurisdiction over acts that were charged in but not bound over by the juvenile court." *Id*. at ¶ 44.

{¶ 20} But in *Burns*, this court backtracked and clarified that under the former bindover statutes, "an adult court [was] not necessarily limited to considering only the specific acts bound over from the juvenile court." *Burns* at ¶ 12. Rather, the court stated that "a case transferred from a juvenile court [could] result in new indicted charges in the adult court when the new charges [were] rooted in the acts that were the subject of the juvenile complaint but were not specifically

named in the individual acts transferred." *Id*. at ¶ 13. The court in *Burns* concluded that the absence of a probable-cause finding in the juvenile court did not preclude the adult court from exercising jurisdiction over charges based on conduct alleged in the juvenile complaint, *id*.; however, this court held that an adult court could not exercise jurisdiction over charges if the same charges were also included in the juvenile complaint but found by the juvenile court not to be supported by probable cause, *id*. at ¶ 9-10.

{¶ 21} The problem is that this court departed from the plain language of the then-applicable bindover statutes when it held in *Smith* and reiterated in *Burns* that a juvenile court's finding of no probable cause for an offense charged in a juvenile complaint was a jurisdictional bar to prosecution of the juvenile in adult court on that charge. *See Smith* at ¶ 44; *Burns* at ¶ 8. And in *Burns*, this court added words to former R.C. 2151.23(H) when it held that a juvenile's indictment on new charges in adult court was permitted "when the new charges [were] *rooted in* the acts that were the subject of the juvenile complaint." (Emphasis added.) *Burns* at ¶ 13.

{¶ 22} This court misstated the law when it held in *Smith* that an adult court lacked jurisdiction over charges for which the juvenile court found no probable cause. Former R.C. 2152.12(A)(1)(a), 2016 Sub.H.B. No. 158, made clear that what was transferred from a juvenile court to adult court through bindover was "the case"—not just the charges for which the juvenile court had found probable cause. Former R.C. 2152.12(I), 2016 Sub.H.B. No. 158, further provided that the following occurred "[u]pon the transfer of *a case*":

> The transfer abates the jurisdiction of the juvenile court with respect to the delinquent acts alleged in the complaint, and, upon the transfer, all further proceedings pertaining to the act charged shall be discontinued in the juvenile court, and *the case* then shall be

8

within the jurisdiction of the court to which it is transferred as
described in [R.C. 2152.23(H)].

(Emphasis added.) Former R.C. 2151.23(H), 2019 Am.Sub.H.B. No. 166, stated that "[t]he court to which *the case* [was] transferred for criminal prosecution pursuant to [R.C. 2152.12] ha[d] jurisdiction subsequent to the transfer to hear and determine *the case* in the same manner as if *the case* originally had been commenced in that court." (Emphasis added.) It is *the case* that was the focus of the bindover statutes.

{¶ 23} A "case" includes a "criminal proceeding, action, suit, or controversy at law." *Black's Law Dictionary* (11th Ed. 2019). Additionally,

[t]he word "action" has typically been understood to refer to the entire legal proceeding, regardless of how many claims or charges are included in the proceeding. This understanding is consistent with common parlance. When we say that someone pursued a legal action, we are talking about the entire proceeding, not some discrete part of the proceeding.

(Citations omitted.) *State v. Craig*, 2020-Ohio-455, ¶ 13. In common parlance, a criminal "case" refers to all the charges that arose from a series of related events. Therefore, the "case" referred to in former R.C. 2151.23, 2019 Am.Sub.H.B. No. 166, included all the acts that were charged in the juvenile complaint and the acts for which the juvenile court made a finding of no probable cause.

{¶ 24} Contrary to this court's contention in *Smith*, 2022-Ohio-274, former R.C. 2152.12(I), 2016 Sub.H.B. No. 158, did not say that the jurisdiction of a juvenile court abates only as to the acts charged for which probable cause was found. Instead, that version of the statute provided that the jurisdiction of a juvenile

9

court abates regarding *all* the delinquent acts alleged in the juvenile complaint.  And former R.C. 2151.23(H), 2019 Am.Sub.H.B. No. 166, clarified that after a bindover, the juvenile could be charged with and convicted of any offense—even one that was different from the offense charged in the complaint filed in juvenile court.  That statutory division stated that an adult court's jurisdiction "includ[ed], but [was] not limited to, jurisdiction to . . . enter a judgment of conviction . . . , whether the conviction [was] for the same degree or a lesser degree of the offense charged, for the commission of a lesser-included offense, or for the commission of another offense that *[was] different from the offense charged.*"  (Emphasis added.)

{¶ 25} This court's holding in *Smith*, which was reaffirmed in *Burns*, 2022-Ohio-4606—that an adult court may not exercise jurisdiction over charges for which a juvenile court made a finding of no probable cause—is simply wrong, and because it is wrong, it should be overruled.

{¶ 26} This court rewrote the law in *Burns* by stating that "a case transferred from a juvenile court may result in new indicted charges in the adult court when the new charges are rooted in the acts that were the subject of the juvenile complaint but were not specifically named in the individual acts transferred," *Burns* at ¶ 13.  Although the court in *Burns* purported to rely on former R.C. 2151.23(H), that provision did not contain any language limiting new indicted charges to those that were "rooted in" the acts alleged in the juvenile complaint.

{¶ 27} Rather, former R.C. 2151.23(H) provided that when a case was transferred to adult court for prosecution, the adult court had subject-matter jurisdiction to hear and determine the case and to convict the juvenile "of the offense that was the basis of the transfer of the case" or "another offense that [was] different from the offense charged."  2019 Am.Sub.H.B. No. 166.  By the plain words of the statute, then, the adult court had the authority to enter a conviction for an offense that was different from the offense that was the basis of the case's transfer to adult court, including an offense that was not rooted in the acts that were

the subject of the juvenile complaint. *Burns*'s "rooted in" standard is inconsistent with the language of former—and current—R.C. 2151.23(H) and should be overruled as well.

## IV.  Applying the Correct Law to the Facts of This Case

{¶ 28} Applying former R.C. 2151.23(H) here demonstrates that the Eighth District erred in determining that the adult court lacked subject-matter jurisdiction to convict Macklin of conspiracy.  The state filed a complaint in juvenile court alleging that Macklin was a delinquent child for murdering and assaulting his victim during an aggravated burglary, and the juvenile court found probable cause to believe that Macklin had committed those offenses.  When the juvenile court transferred the case to adult court and the grand jury indicted Macklin for aggravated murder, murder, aggravated robbery, felonious assault, and conspiracy, the adult court had jurisdiction to convict him of each of those offenses.  That the state did not allege in the juvenile complaint that Macklin was a delinquent child for committing conspiracy is of no import, because former R.C. 2151.23(H) permitted the adult court to convict Macklin of offenses that were different from those specifically charged in the juvenile complaint.

{¶ 29} Consequently, the court of appeals erred in holding that the adult court lacked jurisdiction to convict Macklin of conspiracy.

## V.  Conclusion

{¶ 30} Under the bindover statutes in effect prior to the amendments in 2022 Am.Sub.S.B. No. 288, when a juvenile's case was transferred from juvenile court to adult court for prosecution, the adult court had subject-matter jurisdiction to convict the juvenile of the offense that was the basis of the transfer of the case and any other offense that was different from the offense charged in the juvenile complaint.  So although Macklin was not charged with conspiracy in the juvenile complaint, the adult court had jurisdiction to convict Macklin of that offense.

**{¶ 31}** For these reasons, I would reverse the judgment of the Eighth District Court of Appeals and remand this case to that court with instructions to affirm the judgment of the adult court.

_____

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Daniel T. Van and Gregory Ochocki, Assistant Prosecuting Attorneys, for appellant.

Cullen Sweeney, Cuyahoga County Public Defender, and Francis Cavallo, Assistant Public Defender, for appellee.

Dave Yost, Attorney General, T. Elliot Gaiser, Solicitor General, Michael J. Hendershot, Chief Deputy Solicitor General, and Zachery P. Keller, Deputy Solicitor General, urging reversal for amicus curiae, Ohio Attorney General Dave Yost.

_____