[Cite as *State v. Berry*, 2025-Ohio-716.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 23AP-149 |
| v. | : | (C.P.C. No. 04CR-5651) |
| Chanz Berry, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

—————

D E C I S I O N

Rendered on March 4, 2025

—————

**On brief:** [*Shayla D. Favor*], Prosecuting Attorney, and *Kimberly M. Bond*, for appellee. **Argued:** *Kimberly M. Bond.*

**On brief:** *Mitchell A. Williams*, Public Defender, and *Robert D. Essex*, for appellant. **Argued:** *Robert D. Essex.*

—————

APPEAL from the Franklin County Court of Common Pleas

EDELSTEIN, J.

{¶ 1} Defendant-appellant, Chanz Berry, appeals from the February 10, 2023 judgment of the Franklin County Court of Common Pleas denying his motion to vacate the December 19, 2005 judgment of convictions for murder, attempted murder, and weapons under disability as void. Specifically, Mr. Berry contends that because an indicted aggravated murder count alleging he acted with prior calculation and design (for which he was not convicted) was not presented to the juvenile court at a probable cause hearing and was not included in the juvenile court's entry binding the matter over to adult court, the adult court did not have subject-matter jurisdiction to enter any judgment of conviction against him in that case. For the reasons that follow, we affirm the judgment below.

## I.    FACTS AND PROCEDURAL OVERVIEW

{¶ 2}    On April 28, 2004, a complaint was filed in the Franklin County Juvenile Court ("juvenile court") alleging Mr. Berry, then age 16, purposely caused the shooting death of F.F. and purposely attempted to cause the death of D.G. by means of a firearm on April 24, 2004.  The juvenile-court complaint charged Mr. Berry with murder, attempted murder, and attendant firearm specifications.

{¶ 3}    Pursuant to R.C. 2152.10(A)(1)(a) and 2152.12(A), in May 2004, the state sought mandatory bindover of the case to the general division of the common pleas court ("adult court") for prosecution of Mr. Berry as an adult.  The juvenile court held a probable cause hearing on that motion in August 2004.  In entries dated August 25, 2004 and September 7, 2004, the juvenile court found Mr. Berry was subject to mandatory bindover and the state had established probable cause to believe Mr. Berry had committed the charged offenses with a firearm.  Based on these findings, the juvenile court relinquished its jurisdiction and transferred the matter to adult court.

{¶ 4}    In adult court, Mr. Berry was indicted on five felony counts: having weapons while under disability, in violation of R.C. 2923.13, a third-degree felony (Count 1); aggravated robbery, in violation of R.C. 2911.01, a first-degree felony (Count 2); attempted aggravated murder, in violation of R.C. 2923.02 and 2903.01(A), a first-degree felony (Count 3); aggravated murder (with prior calculation and design), in violation of R.C. 2903.01(A), an unspecified felony (Count 4); and aggravated murder (in connection with the aggravated robbery), in violation of R.C. 2903.01(B), an unspecified felony (Count 5). Counts 2 through 5 included firearm specifications, and Counts 4 and 5 were also indicted with capital specifications[1].  Thus, Mr. Berry, who was by this time 17 years old, was facing the possibility of imprisonment for life without parole.  *See* former R.C. 2929.02(A).[2]

{¶ 5}    Trial commenced in October 2005.  Mr. Berry waived his right to a jury on the weapons under disability count (Count 1), and the remaining four counts (Counts 2-5) were tried to the jury.  Following the presentation of evidence, the trial court granted Mr.

---

[1] Because Mr. Berry was under 18 years of age at the time of the offense, he was not eligible for the death penalty. *See* R.C. 2929.02(A).

[2] Under the current version of R.C. 2929.02(A), persons convicted of aggravated murder who are found to be under the age of 18 at the time the offense was committed are ineligible for a life-without-parole prison sentence.

Berry's motion for judgment of acquittal pursuant to Crim.R. 29 as to the aggravated robbery offense (Count 2) and one of the aggravated murder counts (Count 5). (*See* Dec. 7, 2005 Entry.)  The jury found Mr. Berry guilty of the stipulated lesser-included offense of attempted murder (Count 3), the stipulated lesser-included offense of murder (Count 4), and their corresponding firearm specifications.  The weapons under disability count (Count 1) was then tried to the bench, and the trial court found Mr. Berry guilty of that count.

{¶ 6}  At the December 9, 2005 sentencing hearing, the trial court imposed an aggregate sentence of 24 years to life imprisonment.  Mr. Berry's convictions and sentence were memorialized in the trial court's December 19, 2005 judgment entry.  Mr. Berry timely appealed from that judgment, arguing on direct appeal that his convictions were not supported by sufficient evidence and were against the manifest weight of the evidence.  On review, we overruled Mr. Berry's assignment of error and affirmed his convictions on November 7, 2006.  *See State v. Berry*, 2006-Ohio-5875 (10th Dist.).  The Supreme Court of Ohio denied his motion for a delayed appeal on March 26, 2008.  *State v. Berry*, 2008-Ohio-1279.

{¶ 7}  In May 2022, Mr. Berry, acting pro se, filed a motion requesting the trial court vacate his convictions for weapons under disability, murder, and attempted murder for lack of subject-matter jurisdiction.  The motion was predicated on the then-recent Supreme Court of Ohio decision in *State v. Smith*, 2022-Ohio-274, which held that an adult court lacks subject-matter jurisdiction over any act charged against a juvenile for which the juvenile court, during bindover proceedings, did not find probable cause.  Mr. Berry asserted that because all five counts indicted in adult court were absent from both the juvenile-court complaint and the bindover entry, the juvenile court could not have found probable cause for these offenses.  On the logic of *Smith*, Mr. Berry contended that, in the absence of any probable-cause finding for these offenses in juvenile court, the adult court lacked subject-matter jurisdiction over the entire case.  (*See* May 25, 2022 Mot. at 3-7.)  Therefore, Mr. Berry argued, his convictions and sentence for weapons under disability, attempted murder, and murder are void.  He conceded, however, that the adult court would have jurisdiction over the attempted murder and murder offenses had he been "properly charged" with those offenses in the grand jury indictment.  (*See* May 25, 2022 Mot. at 5-7.)

{¶ 8} On February 10, 2023, the trial court entered a judgment finding it had jurisdiction over the five counts in the grand jury indictment and denying Mr. Berry's motion. Although acknowledging none of those five counts "were specifically charged in [the] juvenile court complaint," the trial court concluded that all five counts were "based on conduct that occurred on April 24, 2004 that made up the juvenile complaint." (Feb. 10, 2023 Decision and Entry at 3.) In the alternative, the trial court concluded that, even if it construed Mr. Berry's motion as a petition for postconviction relief, it would not be well-taken because he failed to comply with the procedural requirements of R.C. 2953.21 and 2953.23. (*See* Feb. 10, 2023 Decision and Entry at 4-5.)

{¶ 9} Mr. Berry timely appealed from that decision and now asserts the following sole assignment of error for our review:

> [MR. BERRY'S] RIGHT TO DUE PROCESS OF LAW WAS VIOLATED WHEN HE WAS INDICTED AND TRIED FOR AN AGGRAVATED MURDER OFFENSE WHICH WAS NEVER PRESENTED TO THE JUVENILE COURT AND CARRIED A MORE SEVERE PENALTY THAN ANY OFFENSES PRESENTED TO THE JUVENILE COURT DURING THE BINDOVER PROCEEDINGS. THIS WAS ALL IN VIOLATION OF O.R.C. 2151.23(H), ARTICLE [I], SECTION 16[] OF THE OHIO CONSTITUTION AND THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

## II. ANALYSIS

{¶ 10} Mr. Berry contends the state's prosecution of him in adult court was void from its inception due to an alleged jurisdictional flaw in the juvenile-to-adult court bindover process. Mr. Berry has clearly indicated in his briefing and at oral argument that, unlike in the trial court, he is not challenging on appeal the inclusion of the weapons under disability, aggravated robbery, or attempted murder charges in the grand jury indictment, conceding "they were rooted in the acts that were the subject of the juvenile complaint." (Appellant's Brief at 7, citing *State v. Burns*, 2022-Ohio-4606.)

{¶ 11} Rather, at the heart of Mr. Berry's argument before this court is his claim that he was indicted and tried in adult court on a higher degree offense—aggravated murder, an unspecified felony—than the first-degree murder offense presented to the juvenile court. Significantly, Mr. Berry was not convicted of this aggravated murder charge. The jury found

him guilty of murder and attempted murder (as stipulated lesser-included offenses of Counts 3 and 4), which *were* presented in the juvenile-court complaint, found to be supported by probable cause, and included in the bindover entry.

{¶ 12} Notwithstanding his acquittal on the aggravated murder charge, Mr. Berry contends that subjecting him to charges in adult court that carry a more severe penalty than charges the juvenile court found probable cause to support violated the plain language of former R.C. 2151.23(H) and his constitutional due process rights. He also takes issue with the fact that the "element of prior calculation and design" necessary to prove the aggravated murder offense charged in Count 4 "was not presented to the [j]uvenile [c]ourt yet it was indicted with that additional element by the grand jury." (Appellant's Brief at 8.)

### A. Subject-Matter Jurisdiction

{¶ 13} Subject-matter jurisdiction refers to a court's power to entertain and adjudicate a particular class of cases on the merits.[3] *State v. Harper*, 2020-Ohio-2913, ¶ 23; *Bank of Am., N.A. v. Kuchta*, 2014-Ohio-4275, ¶ 19, citing *Morrison v. Steiner*, 32 Ohio St.2d 86, 87 (1972). Because a court is powerless to hear a case without subject-matter jurisdiction, " '[a] court's subject-matter jurisdiction is determined without regard to the rights of the individual parties involved in a particular case.' " *Corder v. Ohio Edison Co.*, 2020-Ohio-5220, ¶ 14, quoting *Kuchta* at ¶ 19. "Instead, 'the focus is on whether the forum itself is competent to hear the controversy.' " *Id.* at ¶ 14, quoting *Harper* at ¶ 23, citing 18A Wright, Miller & Cooper, *Federal Practice and Procedure*, Section 4428, at 6 (3d Ed.2017) ("Jurisdictional analysis should be confined to the rules that actually allocate judicial authority among different courts."). Simply put, the existence of subject-matter jurisdiction is a " ' "condition precedent to [any] court's ability to hear the case. If a court acts without jurisdiction, then any proclamation by that court is void." ' " *Harper* at ¶ 23, quoting *Pratts v. Hurley*, 2004-Ohio-1980, ¶ 11, quoting *State ex rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70, 75 (1998).

---

[3] In comparison, "[a] court's jurisdiction over a particular case refers to the court's authority to proceed or rule on a case that is within the court's subject-matter jurisdiction." *Bank of Am., N.A. v. Kuchta*, 2014-Ohio-4275, ¶ 19, citing *Pratts v. Hurley*, 2004-Ohio-1980, ¶ 12. Unlike subject-matter jurisdiction, jurisdiction over a particular case involves consideration of the rights of the parties. *Id.* at ¶ 19. "Personal jurisdiction" refers to a court's power to render a valid judgment against a particular individual. *See, e.g.*, *State v. Henderson*, 2020-Ohio-4784, ¶ 36.

{¶ 14} An appellate court reviews the issue of subject-matter jurisdiction de novo. *Hulbert v. Buehrer*, 2017-Ohio-844, ¶ 12 (10th Dist.), quoting *Klosterman v. Turnkey-Ohio, L.L.C.*, 2009-Ohio-2508, ¶ 19 (10th Dist.). *See also Pointer v. Smith*, 2021-Ohio-2247, ¶ 8 (10th Dist.), citing *Pankey v. Ohio Dept. of Rehab. & Corr.*, 2014-Ohio-2907, ¶ 7 (10th Dist.).

### B. Jurisdiction of Juvenile and Adult Courts Over Cases Involving Juveniles

{¶ 15} Common pleas courts "have such original jurisdiction over all justiciable matters . . . as may be provided by law." Ohio Const., art. IV, § 4(B). "Article IV, Section 4(B) of the Ohio Constitution grants exclusive authority to the General Assembly to allocate certain subject matters to the exclusive original jurisdiction of specified divisions of the courts of common pleas." *State v. Aalim*, 2017-Ohio-2956, ¶ 2. Thus, when a common pleas court patently and unambiguously lacks jurisdiction to hear a case, " 'it is almost always because a statute explicitly removed that jurisdiction.' " *Schlegel v. Sweeney*, 2022-Ohio-3841, ¶ 14, quoting *Ohio High School Athletic Assn. v. Ruehlman*, 2019-Ohio-2845, ¶ 9.

{¶ 16} R.C. 2151.07 establishes Ohio's juvenile courts, and R.C. 2151.23(A) vests them with "exclusive original jurisdiction" over matters "[c]oncerning any child who on or about the date specified in the complaint . . . is alleged . . . to be . . . a delinquent . . . child." A "child" is defined as "a person who is under eighteen years of age." R.C. 2152.02(C)(1).

{¶ 17} R.C. 2151.23(A)(1) grants juvenile courts exclusive subject-matter jurisdiction over children alleged to be delinquent for committing acts that would constitute crimes if committed by an adult. But, in some instances, a juvenile court must—or can—relinquish its exclusive jurisdiction over a case involving a delinquent child and transfer the case to the adult court for criminal prosecution. *See* R.C. 2152.12(A) (addressing mandatory transfer); R.C. 2152.12(B) (addressing discretionary transfer). For a case involving a defendant who was 16 years old when he allegedly committed aggravated murder, murder, attempted aggravated murder, or attempted murder, the juvenile court must transfer the case to the adult court (i.e., bindover) if the juvenile court finds there is probable cause to believe the juvenile "committed the act charged." R.C.

2152.12(A)(1)(a)(i); Former R.C. 2152.02(BB)[4] (defining category one offenses subject to mandatory bindover).

**{¶ 18}** Once a juvenile court relinquishes jurisdiction and transfers the case to adult court, "[t]he transfer abates the jurisdiction of the juvenile court with respect to the delinquent acts alleged in the complaint." R.C. 2152.12(I)(2). "Upon the transfer, all further proceedings pertaining to the act charged . . . shall be discontinued in the juvenile court . . . [and] . . . the case then shall be within the jurisdiction of the court to which it is transferred." R.C. 2152.12(I)(2).

**{¶ 19}** Former R.C. 2151.23(H), which was in effect when the offenses in this case occurred, "sets forth the jurisdiction of the adult court by describing the adult court's 'jurisdiction subsequent to the transfer.' " *Smith*, 2022-Ohio-274 at ¶ 34, quoting former R.C. 2151.23(H). That provision provides, in relevant part, as follows:

> The court to which the case is transferred for criminal prosecution pursuant to that section has jurisdiction subsequent to the transfer to hear and determine the case in the same manner as if the case originally had been commenced in that court . . . , including, but not limited to, jurisdiction to accept a plea of guilty or another plea authorized by Criminal Rule 11 or another section of the Revised Code and jurisdiction to accept a verdict and to enter a judgment of conviction pursuant to the Rules of Criminal Procedure against the child for the commission of the offense that was the basis of the transfer of the case for criminal prosecution, whether the conviction is for the same degree or a lesser degree of the offense charged, for the commission of a lesser-included offense, or for the commission of another offense that is different from the offense charged.

Former R.C. 2151.23(H). Pointedly, former R.C. 2151.23(H) permits a juvenile to be convicted of an offense in adult court that is "different from the offense charged" in the juvenile-court complaint.

**{¶ 20}** Notwithstanding the broad statutory language of former R.C. 2151.23(H), the Supreme Court held in S*mith* that an adult court lacked jurisdiction over charged offenses when the juvenile court found no probable cause to believe the juvenile had committed

---

[4] At the time of Mr. Berry's 2004 juvenile bindover proceedings, category-one offenses were defined in R.C. 2152.02(BB). Today, they are specified in R.C. 2152.02(AA).

those offenses. *Smith*, 2022-Ohio-274 at ¶ 2, 44. In *Burns*, the court clarified its holding in *Smith*, explaining that under R.C. 2151.23(H), a juvenile may be convicted in adult court on charges not presented to the juvenile court but returned by the grand jury if the charges were "rooted in the acts that were the subject of the juvenile complaint."[5] *Burns*, 2022-Ohio-4606 at ¶ 13. *See also State v. Williams*, 2024-Ohio-1433, ¶ 17 (reaffirming *Burns* based on the principle of stare decisis). *But see State v. Macklin*, 2024-Ohio-2687, ¶ 4-5, 19-27 (Kennedy, C.J., concurring in judgment only in part and dissenting in part) (opining that *Smith* and *Burns* should be overruled because both decisions "grafted new limits onto the straightforward language" of Ohio's former juvenile bindover statutes).

{¶ 21} Most recently, in *State v. Taylor*, 2024-Ohio-1752, the court concluded the adult court had jurisdiction to ***convict*** a juvenile of felony murder even though the state did not present that charge in the juvenile court, meaning there was no explicit finding of probable cause (or lack thereof) regarding that offense by the juvenile court. *Id*. at ¶ 7, 14-15. The juvenile-court complaint charged Taylor with purposely causing the shooting death of another. *See id*. at ¶ 7, 14-15. The juvenile court found that, in light of evidence suggesting Taylor provided the firearm found at the murder scene to another shooter, there was probable cause to believe Taylor was complicit in the murder offense. *See id*. at ¶ 4-6, 16. However, the juvenile court ***did not find*** probable cause to believe Taylor actually pulled the trigger that resulted in the victim's death. *Id*. at ¶ 16.

{¶ 22} Nonetheless, after the matter was transferred to adult court, Taylor was indicted on aggravated murder, purposeful murder, and felony murder. *Id*. at ¶ 8. And, at his trial, the state proceeded under alterative theories of guilt: Taylor either shot the victim himself (i.e., was the principal offender) or was complicit in the victim's death by providing the firearm to the actual shooter. *See id*. at ¶ 16. A jury found Taylor guilty of felony murder, but acquitted him of aggravated murder and purposeful murder. *Id*. at ¶ 9. Of note, the jury verdict forms did not require the jury to specify whether it found Taylor guilty as the

---

[5] After *Smith* and *Burns* were decided, the General Assembly amended the statutes providing for discretionary and mandatory bindovers to adult court. *See* 2022 Am.Sub.S.B. No. 288, effective April 4, 2023. In those amendments, the General Assembly effectively codified *Smith* and did not amend the language in R.C. 2151.23(H) that supports the court's holding in *Burns*. Those amendments do not affect the bindover in this case, which occurred in 2004.

principal offender or under a complicity theory, and Taylor's trial counsel did not object to the verdict forms at trial. *Id.* at ¶ 16-17.

{¶ 23} Although the *Taylor* court held the state "could not and should not have charged Taylor as a principal" after the juvenile court found no probable cause to believe he was the actual shooter, it did not consider whether the jury's finding of guilt was based on a principal-offender theory given the ambiguous verdict forms and unclear record. *Id.* at ¶ 16-17. Thus, presuming Taylor's felony-murder conviction was based on a complicity theory of guilt, the court found the felony-murder offense was "rooted in the same acts and events" as the complicity-to-commit-purposeful-murder offense the juvenile court found was supported by probable cause—namely, the fatal shooting of the victim. *See id.* at ¶ 15. Because both charges relied "on the same set of facts that was present in the juvenile-court complaint," the *Taylor* court found the adult court had jurisdiction over the felony-murder charge under former R.C. 2151.23(H), *Smith*, and *Burns*. *See id.* at ¶ 15, 18-20.

### C. Analysis

{¶ 24} On appeal, Mr. Berry generally contends the adult court lacked subject-matter jurisdiction over the aggravated murder count alleging he purposely caused the death of F.F. with prior calculation and design. (*See* Appellant's Brief at v, 7; Reply Brief at 3-4.) He says his jurisdictional challenge is limited to the ***inclusion*** of that count in the indictment. (*See* Appellant's Brief at 7; Reply Brief at 3-4.) But he does not explain precisely what he believes the appropriate remedy for ***that*** alleged error should be.

{¶ 25} The wrinkle in attempting to apply *Smith* and *Burns* to this case in the manner Mr. Berry suggests is that Mr. Berry was not convicted of aggravated murder. Instead, the jury found him guilty of the stipulated lesser-included offense of purposeful murder. Again, the juvenile court found probable cause existed to believe Mr. Berry committed this offense (and the attempted murder of D.G.). And Mr. Berry asserts he "is not arguing that there was error in the juvenile court proceedings" regarding the bindover of the murder or attempted murder offenses. (*See* Reply Brief at 3.) Further, Mr. Berry concedes that, given the court's holding in *Burns*, it was not error to include the weapons under disability, aggravated robbery, or attempted aggravated murder counts in this indictment. (*See* Appellant's Brief at 6-7.) Yet, Mr. Berry broadly asserts the trial court

erred in denying his motion to vacate, which argued the adult court lacked subject-matter jurisdiction over all *five* counts charged in adult court.  (*See* Appellant's Brief at 15.)

{¶ 26}  Given his inconsistent positions, the opaqueness in Mr. Berry's arguments, and lack of clarity in stating his sole assignment of error—which is actually framed as alleging a due process violation, not voidness due to lack of subject-matter jurisdiction—it is difficult to grasp exactly what error he intends to claim.  Instructive on his position is Mr. Berry's statement of the issue presented in this case: "Did the trial court err in finding the [adult] court had subject-matter jurisdiction over [Mr. Berry's] Aggravated Murder *charge* when the only lesser[-]included offense of Murder for the death of [F.F.] was heard and bound over by the Juvenile Court?"  (Emphasis added.)  (Appellant's Brief at v.)  We can easily conclude it did not.

{¶ 27}  The crux of Mr. Berry's argument rests on the last sentence of former R.C. 2151.23(H).  (*See* Appellant's Brief at 12-14.)  That provision states, in relevant part:

> The court to which the case is transferred for criminal prosecution pursuant to that section has jurisdiction subsequent to the transfer to hear and determine the case in the same manner as if the case originally had been commenced in that court, including, but not limited to, jurisdiction to accept a plea of guilty or another plea authorized by Criminal Rule 11 or another section of the Revised Code and *jurisdiction to accept a verdict and to enter a judgment of conviction* pursuant to the Rules of Criminal Procedure against the child *for the commission of the offense that was the basis of the transfer of the case for criminal prosecution*, whether the conviction is for the same degree or a lesser degree of the offense charged, for the commission of a lesser-included offense, or *for the commission of another offense that is different from the offense charged*.

(Emphasis added.)  Former R.C. 2151.23(H).

{¶ 28}  Mr. Berry posits that this provision "precludes the indictment and conviction for a higher degree of a charge that was presented to the Juvenile Court" because aggravated murder (1) is not the same or lesser degree of the murder offense charged, (2) is not a lesser-included offense, and (3) is not, according to Mr. Berry, "another offense that is different" from murder based on the *Smith* court's interpretation of that provision.  (*See* Appellant's Brief at 12-13.)  Specifically, Mr. Berry points to the *Smith* court's observation that the

language in former R.C. 2151.23(H) "gives adult courts flexibility in resolving cases by allowing them to accept a plea to or **convict** the defendant of an offense that is either a lesser degree of, a lesser included offense of, or an offense different from the offense charged that was rooted in the offense that was the basis of the transfer." (Emphasis added.) (Appellant's Brief at 13, quoting *Smith*, 2022-Ohio-274 at ¶ 33-35.)

{¶ 29} But fatal to Mr. Berry's position is the fact that he was not **convicted** of aggravated murder. He argues that "[n]othing in [former] R.C. 2151.23(H) or the passage from *Smith* above authorizes an adult court to **enter a judgment** on a higher degree/more severe offense than the offense that was the basis of the transfer." (Appellant's Brief at 13-14.) But, even assuming he was correct—though, we do not hold that he is—the adult court in this case did not enter a judgment of conviction against him on a higher-degree or more severe offense than the one that was the basis of the transfer. And, we do not read former R.C. 2151.23(H) or understand *Smith* and its progeny as imposing a jurisdictional bar on an adult court's ability to preside over an entire **case** merely because the indictment included **charges** for offenses that were not properly before it. Indeed, despite vacating the defendant's conviction for an offense the juvenile court had previously determined was not supported by probable cause, the *Burns* court still affirmed the defendant's convictions for other offenses, most of which had not been presented to the juvenile court. *See Burns*, 2022-Ohio-4606 at ¶ 8-15. Similarity, in *Taylor*, the court affirmed the defendant's felony-murder conviction (predicated on, it presumed, a complicity theory) notwithstanding its determination that "the state could not and should not have charged [him] as a principal" since the juvenile court found no probable cause to believe he was the principal offender. *See Taylor*, 2024-Ohio-1752 at ¶ 16-17.

{¶ 30} We recognize that because Mr. Berry was indicted with aggravated murder, he faced the **possibility** of harsher penalties than he would have faced had the indictment merely charged him with murder. And we acknowledge that the element of "prior calculation and design" required for the aggravated murder charge alleged in Count 4 of the indictment was not presented to the juvenile court. But former R.C. 2151.23(H) **only** pertains to an adult court's jurisdiction to "accept a plea of guilty or another plea authorized" by Crim.R. 11 and "to accept a verdict and to enter a judgment of conviction." Because Mr. Berry was not convicted of aggravated murder, we therefore decline to address

whether, had Mr. Berry been convicted of aggravated murder under the facts and circumstances of this case, the trial court would have had jurisdiction to sentence Mr. Berry for that offense. Any opinion would be merely advisory.

{¶ 31} " '[I]t is the duty of every judicial tribunal to decide actual controversies between parties legitimately affected by specific facts and to render judgments which can be carried into effect.' " *State v. Maddox*, 2022-Ohio-764, ¶ 7, quoting *Fortner v. Thomas*, 22 Ohio St.2d 13, 14 (1970). As a result, we decide actual controversies and will not render advisory opinions. *See, e.g.*, *Cascioli v. Cent. Mut. Ins. Co.*, 4 Ohio St.3d 179, 183 (1983); *Armco, Inc. v. Pub. Util. Comm.*, 69 Ohio St.2d 401, 406 (1982); *Maddox* at ¶ 7.

{¶ 32} Based on the foregoing, we find the jurisdictional issue raised in this appeal is not justiciable. We further find that because the juvenile court found probable cause to believe that Mr. Berry had committed the purposeful murder of F.F. and attempted murder of D.G. with firearm specifications before the case were transferred, the adult court had jurisdiction to "accept a verdict and to enter a judgment of conviction" for those offenses and their attendant firearm specifications. *See* former R.C. 2151.23(H); *Burns,* 2022-Ohio-4606 at ¶ 14. And, there is no dispute that the weapons under disability offense for which Mr. Burns was also found guilty by the trial court was "rooted in the acts that were the subject of the juvenile complaint but were not specifically named in the individual acts transferred." *Burns* at ¶ 13, citing *State v. Weaver*, 2019-Ohio-2477, ¶ 14 (6th Dist.), and *Smith*, 2022-Ohio-274 at ¶ 35. Thus, we find the adult court had jurisdiction "to enter a judgment of conviction" against Mr. Berry for that third-degree felony offense, as it was "a lesser degree of the offense[s] charged" in the juvenile-court complaint. *See* former R.C. 2151.23(H).

{¶ 33} Having found no jurisdictional defect in the bindover process, the trial court did not err in construing Mr. Berry's motion to vacate as a petition for postconviction relief. Postconviction proceedings in Ohio constitute "a collateral civil attack on the judgment." *State v. Calhoun*, 86 Ohio St.3d 279, 281 (1999). The statutory framework governing postconviction proceedings provides a structured system for postconviction relief. Found in R.C. 2953.21 and 2953.23, Ohio's statutory scheme permits individuals convicted of criminal offenses to petition for postconviction relief if they fall within one of four statutorily defined categories. *State v. Miller*, 2023-Ohio-3448, ¶ 19 (Kennedy, C.J.,

concurring in judgment only), citing R.C. 2953.21(A)(1)(a)(i) through (iv). But this statutory scheme imposes significant limitations. Petitioners are generally restricted to a single petition, and strict time constraints apply for filing. *State v. Johnson*, 2024-Ohio-134, ¶ 1, citing R.C. 2953.23 and 2953.21(A)(2).

{¶ 34} In this case, Mr. Berry's motion to vacate his conviction is a collateral attack on his judgment of conviction, but it does not fall under any of the four statutory categories for postconviction relief. In any event, it is untimely—by nearly two decades—under R.C. 2953.21(A)(2), and Mr. Berry did not argue that either of the exceptions in R.C. 2953.23(A) that permit untimely postconviction petitions applied. Thus, we conclude the trial court properly found that, pursuant to R.C. 2953.23(A) and 2953.21(D), it lacked authority to consider Mr. Berry's untimely postconviction petition.

{¶ 35} Finally, we note that although Mr. Berry alleges a due process violation in his sole assignment of error, he does not present any arguments or cite to any authority in support of such contention, as required by App.R. 16(A). And Mr. Berry did not argue in the court below that indicting a juvenile in adult court on a higher-degree offense than was presented to the juvenile court violates his right to the due course of law under Article I, Section 16 of the Ohio Constitution or due process rights under the Fifth and Fourteenth Amendments to the United States Constitution. We therefore decline to address, in the first instance, his unargued and unsupported due-process claim. *See, e.g.*, *Atlantica, LLC v. Salahuddin*, 2024-Ohio-5780, ¶ 25 (10th Dist.); *State v. R.L.W.*, 2024-Ohio-1249, ¶ 15 (10th Dist.).

{¶ 36} For all of these reasons, we overrule Mr. Berry's sole assignment of error.

## III. CONCLUSION

{¶ 37} Having overruled Mr. Berry's sole assignment of error, we affirm the February 10, 2023 judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

DORRIAN, J., concurs.
JAMISON, P.J., concurs in judgment only.

_____